# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 12-3080-CR-S-RTD |
| LELAND WALLACE CRULL, | ) ) ) |
| Defendant. | ) ) ) |

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b), the above-styled criminal action was referred to the undersigned for preliminary review. Defendant Leland Wallace Crull filed a Motion to Exclude Statements in the matter (Doc. 28). Defendant argues that Crull's post-*Miranda* physical response to questions by law enforcement of becoming pale, sweating, and nearly fainting, equate to an invocation of his Fifth Amendment right against self-incrimination, about which the prosecution may not comment at trial without violating due process. The government argues that Crull's actions were not "statements" protected by the Fifth Amendment, and testimony regarding his silence in response to the question posed should be deemed admissible at trial. A hearing was held on the motion on August 1, 2013. Defendant Crull was present with counsel, Ian A. Lewis. The United States was represented by James J. Kelleher. For the reasons set forth below, **IT IS HEREBY RECOMMENDED** that the Motion to Exclude Statements be **DENIED**.

### FINDINGS OF FACT

Brian Martin, a Deputy Sheriff assigned to the Southwest Missouri Cyber Crimes Task Force testified at the hearing on the motion to exclude statements. Deputy Sheriff Martin

testified that on August 9, 2012, he participated, with Detective James Smith, and a Bolivar, Missouri, Police Officer, in executing a search warrant at the apartment of Defendant Leland Crull. Martin knocked on the front door and announced the presence of law enforcement. No one answered the door. Martin then contacted a neighbor who indicated that Crull was "definitely" inside the apartment. Martin continued knocking, and after again receiving no response, the officers removed the hinge pins from the front door and entered the residence. At the same time, Crull attempted to leave the residence through the back door. Additional officers situated at the back door of the apartment apprehended Crull and stopped him from exiting. Martin circled to the back of the apartment. Detective Dusty Ross of the Bolivar Police Department advised Crull of his *Miranda* rights in Martin's presence. Crull indicated he understood his rights. Martin asked Crull if he knew why police were there, and Crull responded that he had missed a court date that morning, and he thought the officers were there to arrest him for his failure to appear. Martin then advised Crull that officers were there to execute a search warrant and asked him if he "had any idea why the Cyber Crime Task Force would be interested in talking to him." Crull "became very pale" and "began sweating profusely." He had difficulty catching his breath. Martin and another officer had to assist Crull to the police car because he was "kind of weak-kneed and kind of swaying." Crull did not answer Martin's question; he did not verbally invoke his right to remain silent, nor did he ask for an attorney.

## CONCLUSIONS OF LAW

The Fifth Amendment protects a criminal suspect from being compelled to testify against himself. *See Salinas v. Texas*, 133 S.Ct. 2174, 2178 (2013). The privilege protects only evidence of "a testimonial or communicative nature." *See Pennsylvania v. Muniz*, 496 U.S. 582, 589 (1990) (quoting *Schmerber v. California*, 384 U.S. 757, 761 (1966)). "[I]n order to be

testimonial, an accused's communication must itself, explicitly or implicitly, relate a factual assertion or disclose information. Only then is a person compelled to be a 'witness' against himself." *Muniz*, 496 U.S. at 589 (quoting *Doe v. United States*, 487 U.S. 201, 210 (1988)). "The prohibition of compelling a man in a criminal court to be witness against himself is a prohibition of the use of physical or moral compulsion to extort communications from him, not an exclusion of his body as evidence when it may be material." *Schmerber*, 384 U.S. at 763 (quoting *Holt v. United States*, 218 U.S. 245, 252-253 (1910) (Holmes, J.)).

Non-communicative actions, such as gestures, head movements, or body movements are not testimonial in nature, and are not "statements" subject to protection under the Fifth Amendment. *See Muniz,* 496 U.S. at 592 (suspect's slurred speech and other evidence of lack of muscular coordination are non-testimonial components of suspect's responses to police questions); *United States v. Velarde-Gomez*, 224 F.3d 1062, 1070-71 (9th Cir. 2000) (suspect's demeanor, physical reactions, and emotional state are non-testimonial); *United States v. Small*, 74 F.3d 1276, 1285 (D.C. Cir. 1996) (suspect's gesture of hanging his head in response to officer's statement was physical act not "sufficiently testimonial to implicate" *Miranda*). Furthermore, courts have excluded other non-testimonial acts from the scope of the privilege. For example, a suspect may be compelled to furnish a blood sample, provide a handwriting exemplar, a voice exemplar, stand in a lineup, or wear particular clothing. *See Doe v. United States*, 487 U.S. at 210 (collecting cases).

Based upon this line of cases, the Court does not believe Crull's physical reactions— which included becoming pale, sweating, having difficulty breathing, and swooning—were "statements" subject to the protection of the Fifth Amendment privilege against self-incrimination. They were non-communicative, non-testimonial actions: involuntary behaviors.

3

The acts were not attempts to relate a factual assertion or disclose information. Many inferences could be drawn from involuntary actions like fainting or breaking out in a sweat, but the cases referenced above instruct the Court that regardless of any meaning that might be inferred, such actions are not intended to relate a factual assertion or disclose information.

The facts of this case exemplify the inherent ambiguity of a non-communicative physical act. Defendant argues that Crull's physical reactions were tantamount to an invocation of the right to remain silent, but it is arguable that such statement would, in fact, constitute *waiver* of the right, not trigger its protections. *See Berghuis v. Thompkins*, 560 U.S. 370, 388-89 (2010) (holding that a suspect who has been advised of and understands his or her *Miranda* rights, but does not specifically invoke the right to remain silent, waives the right by making any uncoerced statement to police). That is, if Crull's actions are "statements," they do not clearly demonstrate either invocation or waiver of Fifth Amendment protection. Because the meaning of Crull's physical reactions is open to interpretation, the undersigned cannot recommend that the Court adopt the explanation urged by the defendant that Crull's actions intended to invoke his Fifth Amendment privilege.

In light of this ambiguity and the clear precedent established regarding non-testimonial, non-communicative actions, the Court recommends that Crull's physical reactions after being asked if he understood why the Cyber Crimes Task Force might be interested in talking to him were not "statements" for the purposes of Fifth Amendment analysis and are not subject to protection by the Fifth Amendment.

The Court notes that Crull is correct to point out that a defendant's post-*Miranda* silence cannot be used by the prosecution at trial to infer guilt without violating due process. The Court finds, however, that such an argument regarding admissibility of post-*Miranda* silence is

4

premature at this, the suppression stage. Admissibility of any such testimony or evidence will be within the purview of the trial judge, taking into consideration the context in which and the purpose for which it is proffered.

Accordingly, and as explained in the paragraphs above, the undersigned **RECOMMENDS** that the defendant's Motion to Exclude Statements (Doc. 28) should be denied.

## CONCLUSION

Therefore, based on all the foregoing, and pursuant to 28 U.S.C. § 636(b) and Local Rule 72.1 of the United States District Court for the Western District of Missouri, the undersigned hereby **RECOMMENDS** that the Motion to Exclude Statements (Doc. 28) be **DENIED**.

**IT IS SO ORDERED.**

**DATED: December 12, 2013**

      /s/ *David P. Rush*
**DAVID P. RUSH**
**United States Magistrate Judge**